HOOD, Judge.
This action was instituted by Sabine River Authority of the State of Louisiana against Pendleton Bridge Marina, Inc., to recover fees, charges and rentals alleged to be due by defendant under the terms of a “Commercial Use Permit” which plaintiff issued to defendant on February 9, 1970. Judgment was rendered by the trial court in favor of defendant, rejecting plaintiff’s demands' at its costs. Plaintiff has appealed.
This suit was consolidated for trial and appeal with two other related suits. We are rendering a separate judgment in each case. See F. I. Wright and B. O. Red et al. v. Sabine River Authority of the State of Louisiana, 308 So.2d 402 (No. 4789 on our docket); and Sabine River Authority of the State of Louisiana v. Flying Bridge Marina, Inc., 308 So.2d 422 (No. 4788 on our docket).
The issues presented are whether Sabine River Authority may legally require defendant to pay fees, charges and rentals for the privilege of making commercial use of property owned by plaintiff abutting the Toledo Bend Dam Reservoir, in Sabine Parish. If plaintiff is found to have that power, then another issue is presented as to the amount which plaintiff is entitled to recover.
On February 9, 1970, plaintiff issued to defendant a “Commercial Use Permit,” authorizing the latter to operate a commercial establishment on property owned by Sabine and abutting the Toledo Bend Dam Reservoir. The property previously had been leased to defendant, or its predecessor in title, under a “leaseback agreement.” Defendant operated a commercial establishment at that location at least during the years 1970 and 1971.
The Commercial Use Permit was accepted by defendant in writing, and it provides for the payment of fees, charges or rents for the privilege of making commercial use of that property. Defendant paid the initial “minimum assessed fee” provided in that permit, but has refused to pay the fees, charges or rentals which have accrued under the terms of the permit since that time. It contends primarily that plaintiff has no legal right or power to levy or assess fees, charges or rentals against defendant for the privilege of operating a commercial establishment at that location.
We considered this issue in the companion suit of F. I. Wright and B. O. Red et al. v. Sabine River Authority of the State of Louisiana, supra, and concluded that Sabine has the right to require a lessee under a leaseback agreement to pay fees, charges or rentals for the privilege of making commercial use of the leaseback property. For the reasons which we assigned in that case, we hereby conclude that plaintiff is entitled to recover from defendant fees, charges or rentals, as provided in the Commercial Use Permit, for the privilege of operating a commercial establishment on the above mentioned property. The trial judge erred in rejecting plaintiff’s demands, and for that reason the judgment appealed from must be reversed.
Several issues are presented as to the amount which plaintiff is entitled to recover from defendant. The trial judge did *422 not consider any of those issues, since he concluded that plaintiff did not have the legal right to require the payment of any such fees or charges. We think the ends of justice would be served best by remanding the case to the trial court, in order that judgment may be rendered by that court fixing the amount of fees, charges or rentals which plaintiff is entitled to recover.
For the reasons herein assigned, the judgment appealed from is reversed, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.
MILLER, J., concurs and assigns reasons.
WATSON, J., dissents for the reasons assigned in No. 4789.