ON APPLICATION FOR REHEARING
MILLER, Judge.
In his application, plaintiff contends the Louisiana Constitution of 1974 mandates that a five judge panel hear reargument because there was one dissent to the reversal of the trial court’s decision. We considered this issue before handing down our opinion and concluded that art. XIV, § 23 of the Louisiana Constitution of 1974, provides that the proceedings in this case are to be “unaffected” by other provisions of the constitution. This section states, insofar as is here applicable, that:
All writs, actions, suits, proceedings, civil or criminal liabilities, prosecutions, judgment, sentences, orders, decrees, appeals, rights or causes of action, contracts, obligations, claims, demands, titles, and rights existing on the effective date of this constitution shall continue unaffected.
The cause of action which is the subject of this appeal arose in 1974; suit was filed December 9, 1974, tried December 13, 1974, and judgment was signed December 23, 1974. The effective date of the Louisiana Constitution of 1974 was January 1, 1975. Only the motion for appeal, filing of the appeal bond, and lodging of the appeal occurred after January 1, 1975. Since the cause of actoin which is the subject of this appeal existed before the effective date of the constitution of 1974, the appeal is not affected by art. V, § 8(B). Plaintiff does not have a right to reargue the case before a panel of five judges.
Under the Louisiana Constitution of 1921, we had the right to allow reargu-ments to five judge panels in the following eight cases recently submitted to five judges panels of this court. This was, of course, discretionary on our part. Sabine River Authority v. Pendalton Bridge Marina, 308 So.2d 420 (La.App. 3 Cir. 1975); Sabine River Authority v. Flying Bridge Marina, 308 So.2d 422 (La.App. 3 Cir. 1975); Wright v. Sabine River Authority, 308 So.2d 402 (La.App. 3 Cir. 1975); Staple Cotton Coop. Ass’n v. Pickett, 313 So.2d 612 (La.App. 3 Cir. 1975); Smith v. Smith, 311 So.2d 514 (La.App. 3 Cir. 1975); State Dept. of Highways v. Mims, 311 So.2d 914 (La.App. 3 Cir. 1975); State, Dept. of Highways v. Mims, 311 So.2d 921 (La.App. 3 Cir. 1975); Naquin v. Maryland Casualty Company, 311 So.2d 48 (La.App. 3 Cir. 1975). In this case, we elect not to exercise this option.
Plaintiff’s application for rehearing pursuant to LSA-R.S. 13 :445Q and LSA-C.C. P. art. 2167 is also denied for the reasons assigned in our original opinion and for these additional reasons.
Here is the sketch plaintiff attached to his permit application (which application, as previously noted, could have been properly denied because it failed to comply with the ordinance’s reasonable requirement that the application be accompanied by a detailed drawing).

*362

*363 The frontage measurements facing Pershing Street are to scale (1" = KX). Therefore the space between the two driveways is approximately two feet in width. The contention raised by the dissent that the sketch shows a ten foot measurement in this space was considered and rejected by the majority. The sketch shows arrows on both sides of the ten foot measurement, indicating that this ten feet is measured from the street to the barricades in compliance with paragraph 5(0) (2) of the ordinance, and does not show a ten foot space between the two driveways.
We find it strained and unreasonable to interpret the phrase “distance between the inner edges . . . shall be not less than ten (10) feet” to mean that the minimum width of each driveway must be ten feet, for two reasons. First, pages 5, 13, and 15 of both the Department of Highways “Standard Plans for Driveways” and the New Iberia Police Department’s “Standard Plans for Driveways” shows the ten foot distance in question is the minimum distance between two driveways. Second, there is nothing in the ordinance and in the sets of standard plans to indicate that the ordinance sets minimum standards for the width of a single driveway. As to single driveways, the only standards set are the maximum width of the driveway.
Plaintiff contends that no evidence was introduced to show the purpose of having two driveways ten feet apart. We disagree. The “Standard Plans for Driveways” of both the Department of Highways and the City of New Iberia, which are in evidence, provide: “The standard driveway plans and sketches have been adopted to promote safe and orderly movement for vehicular traffic entering and leaving the highways (streets); to abolish hazardous and indiscriminate parking adjacent to the roadway surface; to preserve adequate sight distance at intersections; to encourage beautification of property frontage and to insure uniform design and construction of driveways on highway (street) right-of-way.”
For the reasons assigned in our original opinion as here supplemented, the application for rehearing is denied.
Rehearing denied.